UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAUNNA LEANN DODD, | Case No. 3:13-cv-00538-MMD-WGC |
| Plaintiff, | |
| v. | ORDER |
| SECOND JUDICIAL DISTRICT COURT, | |
| Defendant. | |

This case comes before this Court through Shaunna LeAnn Dodd's Petition for Removal. (Dkt. no. 1.) Ms. Dodd seeks to remove CR13-0344, a criminal case pending before the Second Judicial District Court in Washoe County, Nevada, in which Ms. Dodd is the criminal defendant. Ms. Dodd attaches no relevant documents nor provides any facts from her state criminal prosecution.

Defendant Dodd cites 28 U.S.C. §§ 1331, 1443, and 1455 in support of her Notice of Removal. (Dkt. no. 1 at 1.) Only the removal of civil cases is governed by 28 U.S.C. § 1331, and thus does not apply to this case. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In order to assert a right of removal under 28 U.S.C. § 1443, petitioners must satisfy two narrow parameters. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *People of State of Cal. V. Sandovol*, 434 F.2d 635, 636 (9th Cir. 1970). If the first requirement is met, "[s]econd, petitioners must assert that

the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* Ms. Dodd provides no information in support of either requirement and thus cannot meet the strict requirements of § 1443 removal.

Finally, Ms. Dodd seeks jurisdiction under 28 U.S.C. § 1455. However, Ms. Dodd has failed to meet a number of the statutory requirements. First, § 1455 states that a defendant seeking to remove a criminal case from state court shall file with the federal court "a copy of all process, pleadings, and orders served upon such defendant . . . ." 28 U.S.C. § 1455(a). Ms. Dodd has not provided the Court with any relevant documents from her state criminal prosecution. Second, the statute requires that the notice of removal be filed "later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" except upon a showing of good cause. *Id.* § 1455(b)(1). Again, because Ms. Dodd did not attach any filings from her state court case, the records do not show that she is able to meet the timeline for removal.[1] Ms. Dodd, therefore, cannot demonstrate that she meets the requirements of § 1455 removal jurisdiction.

It is therefore ordered that this case be remanded consistent with this opinion. The Clerk shall close this case.

DATED THIS 14th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] This Court was able to access records for the case that Ms. Dobb references, CR13-0344, from the Second Judicial District Court public website. In that case a defendant named Shaunna LeAnn Dodd was arraigned on March 12, 2013, and the trial occurred from October 1, 2013, through October 9, 2013. The electronic materials further indicate that the defendant in CR13-0344 was found guilty on October 10, 2013, of first degree murder.